## RULING ON DEMURRER HELD NOT PREJUDICIAL.

Circuit Court of Cuyahoga County.

W. J. HOLDEN v. ROSE M. DAVEY ET AL.

Decided, March 6, 1905.

*Pleading and Practice—Sustaining Demurrer to Second Cause of Action When a Repetition of First Cause Not Prejudicial Error.*

Where a petition has set out two causes of action, but the second is only a repetition of the first with the addition of other facts which would not in themselves constitute a cause of action, sustaining a demurrer to the second cause is not prejudicial error, the demurrer to the first cause of action being overruled.

MARVIN, J.; HALE, J., and WINCH, J., concur.

The error complained of here is that the court sustained a demurrer to the second cause of action set out in the petition.

Two causes of action were set out in the petition. Demurrer was filed to each of said causes. The court overruled, and properly overruled the demurrer to the first.

The second cause of action begins with the words:

"For his second cause of action plaintiff says that he incorporates therein all the allegations set out in his first cause of action the same as if therein rewritten." Then follows allegations which do not in themselves constitute a cause of action.

It is urged, however, that since by virtue of Section 5083, Revised Statutes, the first cause of action is to be treated as though rewritten in the second, and since it is held that the first cause of action is good as against demurrer, it necessarily follows that the second cause of action was also good against a demurrer, without reference to what follows, the allegations making the first cause a part of the second. Logically and technically this is correct, but since by overruling the demurrer to the first cause, the court had left the petition with that cause still to be answered, there was no prejudice to the plaintiff in the rulings as to the second. Since only facts stated in the petition which

constitute a cause of action against the defendant were left in full force by the ruling on the demurrer, the plaintiff was not prejudiced by such a ruling as confined such facts to one cause of action, wherefore the judgment is affirmed.